IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 4:03-CR-40-BO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| TRAVIS M. WALLACE | ) |

This matter is before the Court on defendant's *pro se* motion to dismiss forfeiture balance. [DE 47]. The government opposes defendant's motion. [DE 51]. Defendant has not replied and the time for doing so has passed. The motion is now ripe for ruling. For the reasons discussed below, defendant's motion is denied.

## BACKGROUND

Defendant Travis M. Wallace pled guilty to drug trafficking crimes in violation of 21 U.S.C. §§ 841(a)(1) and 846 on August 18, 2003. [DE 16]. Defendant voluntarily agreed to forfeit $50,000 to the government, with the Court entering an order and preliminary judgment in September of 2003. [DE 18]; [DE 19]. On December 10, 2003, defendant was sentenced and a final judgment was entered. [DE 23]. Defendant did not appeal his forfeiture judgment, conviction, or sentence.

Almost twenty years later, on December 29, 2023, defendant sent a letter to the Court asking for dismissal of his remaining forfeiture balance. [DE 47]. As of the government's response to defendant's motion, on January 25, 2024, defendant's outstanding balance on the forfeiture judgment was approximately $36,746.28. [DE 51].

## DISCUSSION

Criminal forfeiture is an element of a defendant's sentence. *Libretti v. United States*, 516 U.S. 29, 38-39 (1995). The purpose of forfeiture is "to deprive criminals of the fruits of their illegal acts and deter future crimes." *United States v. Martin*, 662 F.3d 301, 309 (4th Cir. 2011). While "a criminal defendant may appeal a preliminary forfeiture order, he may not appeal a final forfeiture order entered thereafter." *United States v. Earquhart*, 776 F. App'x 802, 803 (4th Cir. 2019). As such, a criminal forfeiture "must be challenged on direct appeal or not at all." *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007).

Defendant did not appeal the forfeiture judgment. Instead, almost twenty years after it was entered, defendant now seeks to dismiss the voluntarily agreed to forfeiture because "I feel like I have paid the price for the crime I have done, and I have accepted full responsibility." [DE 47] at 1. Defendant puts forth no legal basis for dismissal of the remaining balance. Because defendant did not challenge the forfeiture judgment on direct appeal, the Court finds no support for granting his motion. *See United States v. Farkas*, 2016 WL 10585041, at *2 (E.D. Va. Oct. 3, 2016) ("Once the forfeiture order becomes final, a defendant may only challenge the order through the appeals process."). Therefore, defendant's motion is denied. [DE 47].

## CONCLUSION

Accordingly, defendant's motion to dismiss forfeiture balance is DENIED. [DE 47].

SO ORDERED, this 28 day of May, 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE